UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MALIBU MEDIA, LLC,

                    Plaintiff,                    15-CV-7788 (KMW)

-against-                                  **OPINION & ORDER**

JOHN DOE
Subscriber assigned IP address
24.90.139.137,

                    Defendant.
------------------------------------------------------X

WOOD, United States District Judge:

      Plaintiff Malibu Media, LLC, has filed a complaint against Defendant John Doe, identified only as the subscriber assigned to IP address 24.90.139.137, for infringement of Plaintiff's copyrighted works. On November 12, 2015, this Court granted Plaintiff's motion for leave to file a third-party subpoena upon Defendant's internet service provider ("ISP"), to learn Defendant's name and current and permanent address. Defendant now moves to quash this subpoena pursuant to Federal Rule of Civil Procedure 45. For the reasons discussed below, the Court DENIES Defendant's motion. However, Defendant may submit a request to proceed in this matter anonymously, should he wish to do so.

    **I.**    **BACKGROUND**

      This is one in a series of copyright infringement lawsuits that arise from the unauthorized downloading and distribution of pornographic films through the online platform BitTorrent. BitTorrent is a peer-to-peer file-sharing protocol that allows users to quickly and efficiently share files over the internet. *See* (Compl. ¶ 11). BitTorrent works by breaking large files down

1

into small pieces called bits, each of which is tagged with a unique identifier, known as a "hash value"; these bits are then exchanged between a number of different users concurrently. (Compl. ¶¶ 13, 15). Once a user has downloaded all the bits for a particular file, the BitTorrent software reassembles the pieces so the file can be read, viewed, or otherwise used. *Id.* ¶ 14.

Plaintiff is a corporation that owns the copyrights to numerous films, including the sixteen films Defendant is alleged to have illegally downloaded via BitTorrent. *See id.* Ex. B. Plaintiff identified Defendant's IP address through its investigator, IPP International UG ("IPP"), who used BitTorrent to download from Defendant one or more component bits of each of the sixteen films listed in the Complaint. *Id.* ¶¶ 18-22. IPP then verified that each of the completed files contained a digital copy of a movie that was identical or substantially similar to one of Plaintiff's copyrighted works. *Id.* ¶ 22.

Plaintiff subsequently filed suit against Defendant, identified only by his or her IP address, for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 106 and 501. *Id.* ¶¶ 28-33. Plaintiff also filed a motion seeking leave from the Court to file a third-party subpoena on Defendant's ISP pursuant to Federal Rule of Civil Procedure 26(d)(1). (Mot. for Leave to File Third-Party Subpoena, [Doc. No. 7]). The Court granted Plaintiff's request, but limited the scope of the subpoena to (1) Defendant's name, and (2) his or her current and permanent address. (Nov. 12, 2015 Order, 1 [Doc. No. 14]). The Court's order further prohibited the ISP from providing this information to the Plaintiff prior to the expiration of a 60-day period, during which time Defendant could move to quash or modify the subpoena or file a request to proceed anonymously. *Id.*

On February 23, 2016, Defendant filed the instant motion to quash the subpoena pursuant to Rule 45. (Mot. to Quash Subpoena, [Doc. No. 22]).

II.     DISCUSSION

Federal Rule of Civil Procedure 45(d)(3) states that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter."[1] Defendant argues that the instant subpoena must be quashed because it requires disclosure of the Defendant's identity, information that he believes is protected under the First Amendment.

"Courts in this District have recognized that internet users have a limited First Amendment privacy interest in anonymous internet usage, including the use of peer-to-peer file-sharing networks, but this interest does not protect those who use their anonymity to infringe the copyrights of others." *Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810, 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) (Ramos, J.) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 563-65 (S.D.N.Y. 2004) (Chin, J.)). In determining whether the First Amendment protects an internet subscriber's identity from disclosure, courts in this Circuit employ the five-factor balancing test first articulated in *Sony Music* by then-District Court Judge Chin. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (holding that the five-factor test from *Sony Music* "constitutes an appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted"). The factors are (1) whether the plaintiff has made a "concrete showing of a prima facie claim of actionable harm"; (2) the "specificity of the discovery request"; (3) "the absence of alternative means to obtain the subpoenaed information"; (4) whether the subpoenaed information is "central" to

---

[1] A subpoena must also be quashed if it (1) "fails to allow a reasonable time to comply"; (2) "requires compliance beyond the geographical limitations specified in Rule 45(c)"; or (3) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Although Defendant does not specify which, if any, of these additional grounds he believes justify the motion to quash, the Court concludes that none apply in the instant case. *See Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) (Oetken, J.) (discussing why defendants in similar actions lack standing to contest a subpoena issued to a third party, such as an ISP, on the basis of undue burden).

advancing the plaintiff's claim; and (5) the subscriber's "expectation of privacy." *Sony Music*, 326 F. Supp. 2d at 564-65.

Applying this test to the facts at hand, the Court concludes that the balance of interests weighs in favor of disclosure.

First, Plaintiff has made the requisite concrete showing of a prima facie claim for copyright infringement by alleging (1) that it is the owner of valid copyrights in the works at issue, (Compl. ¶ 3; Ex. B); and (2) copying of those works by someone using the above-identified IP address, *id.* ¶¶ 2, 18-24. *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)) (elements of a prima facie claim of copyright infringement are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original").

Second, Plaintiff's discovery request is highly specific, and is reasonably likely to "lead to identifying information that would make possible service upon [the Defendant.]" *Sony Music*, 326 F. Supp. 2d at 566. Under the terms of this Court's November 12, 2015 Order, the ISP may disclose only the name and current and permanent address of the subscriber associated with the identified IP address. This limited information is the bare minimum needed for Plaintiff to identify and effectuate service upon the Defendant. *See Malibu Media, LLC v. Doe*, No. 15-CV-2624, 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015) (Ramos, J.) (finding this same information "sufficiently specific"); *Malibu Media, LLC v. John Doe No. 4*, No. 12-CV-2950, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) (Oetken, J.) (request seeking same information was "highly specific").

Third, Plaintiff has sufficiently demonstrated that there is no practical alternative means to obtain the subpoenaed information. BitTorrent users are essentially anonymous, even to one

another; users are able to identify only one another's IP addresses. *See* (Pl.'s Opp'n to Def.'s Mot. to Quash, 3-4, [Doc. No. 24]). Plaintiff has no information about the Defendant's identity other than the IP address used to make the unauthorized copies. *See id.* Therefore, it has no other practical means of obtaining the information it needs to serve process on the Defendant.

Fourth, for the reasons just outlined, the information sought is "central" in this suit. Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim. *See Malibu Media, LLC v. Doe*, 2015 WL 6116620, at *3 (quoting *John Wiley & Sons, Inc. v. John Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) (Cott, Mag. J.)).

The fifth factor, the Defendant's privacy interest, is more mixed. Other courts in this District considering claims similar to those at issue here have acknowledged the "sensitive and embarrassing nature of the conduct alleged . . . especially given the potential irrevocable reputational damage done to a defendant who did not, in fact, commit the [offenses] alleged." *Malibu Media, LLC v. Doe No. 4*, 2012 WL 5987854, at *3 (citing *Next Phase Distrib., Inc. v. Does 1-138*, No. 11-CV-9706, 2012 WL 691830, at *2 (S.D.N.Y. March 1, 2012) (Forrest, J.)); *see also Malibu Media, LLC v. Doe*, No. 15-CV-4743, 2015 WL 5013874, at *1 (S.D.N.Y. Aug. 18, 2015) (Keenan, J.) (expressing concern that innocent defendants may feel compelled to settle to avoid being "forever link[ed] . . . with the pornographic films at issue"); *Malibu Media, LLC v. Doe*, No. 15-CV-4369, 2015 WL 4092417, at *2 (S.D.N.Y. July. 6, 2015) (Hellerstein, J.).

This concern is heightened in a situation where the only identifying information for the defendant is an IP address, because of the very real risk that the party responsible for the infringing conduct is not the party whose name is associated with the ISP account. *See Patrick Collins, Inc. v. Does 1-4*, No. 12-CV-2962, 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012)

(Baer, J.). "[T]he true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection." *Id.* Defendant raises exactly this point in his reply, arguing that he will be unfairly labeled "as a copyright infringer and pornography viewer" even though he "doesn't use BitTorrent or download or stream Plaintiff's videos," and "has no idea who, if anyone, might have done so through coasting on his broadband access." (Def.'s Reply Mem. of Law in Supp. Mot. to Quash, 2 [Doc. No. 25]).

Although this Court understands and shares these concerns regarding the misidentification of defendants based only on IP addresses, it believes they are outweighed by Plaintiff's "right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Sony Music*, 326 F. Supp. 2d at 567. Furthermore, the Court believes that Defendant's concern about the potential for embarrassment and stigma from being publicly named as a consumer of pornographic films (and the corresponding likelihood of a coercive and unfair settlement) is largely mitigated by providing the Defendant with the opportunity to litigate the suit anonymously.[2] Other Courts in this District have repeatedly allowed Defendants to

---

[2] Although as a general rule, parties may not proceed anonymously, "[j]udges in this District regularly permit defendants to proceed anonymously in cases similar to this one, where the defendant has been accused of illegally downloading adult videos." *Malibu Media, LLC v. Doe*, 2015 WL 6116620, at *5. The Second Circuit has identified a number of relevant factors for determining whether to allow a party to proceed anonymously, including (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously"; (3) whether the opposing party is prejudiced by allowing the party seeking to proceed anonymously to do so, and "whether any prejudice can be mitigated by the district court"; and (4) "whether the public's interest in the litigation is furthered by requiring the [party seeking to proceed anonymously] to disclose his identity." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (internal citations and quotation marks omitted); *see also John Wiley & Sons, Inc. v. Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (Pauley, J.) (applying these factors where a defendant sought to proceed anonymously).

Courts applying these factors to cases similar to the one at hand have noted that Plaintiff faces no prejudice in pursuing its claims given that it has repeatedly allowed other defendants to proceed anonymously, and that the public's interest in knowing a defendant's identity is minimal in these circumstances. *See Malibu Media, LLC, v. Doe*, 2015 WL 6116620, at *5; *Malibu Media, LLC v. Doe No. 4*, 2012 WL 5987854, at *5 ("The citizenry's interest in public scrutiny of judicial proceedings is indeed vital; less so however, is the public interest in knowing the names of those Doe Defendants with a particular penchant for, *inter alia*, "Tori Torrid Love." (internal quotation marks omitted)).

proceed anonymously in similar circumstances, and Plaintiff has previously agreed to allow other defendants to do so. *See, e.g.*, *Malibu Media, LLC v. Doe*, 2015 WL 6116620, at *5; *Malibu Media, LLC v. Doe*, No. 15-CV-1862, 2015 WL 4271825, at *3 (S.D.N.Y. July 14, 2015) (Sullivan, J.); *Malibu Media, LLC, v. Doe No. 4*, 2012 WL 5987854, at *4-5.

Defendant's argument that another party is responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because "[o]btaining Doe's contact information 'is the logical first step in identifying the correct party.'" *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015) (Koeltl, J.) (quoting *Malibu Media, LLC v. Doe*, No. 13-CV-8484, 2014 WL 1228383, at *3 (N.D. Ill. Mar. 24, 2014)). Having made its prima facie claim, and having narrowly limited its request to necessary information that could not be obtained another way, Plaintiff is entitled to proceed with its investigation.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to quash the subpoena is DENIED. Defendant is given thirty days from the date of this order to file a request to proceed anonymously, should he wish to do so. This Opinion and Order resolves docket entry 22.

SO ORDERED.

DATED:	New York, New York
	April 26, 2016

			/s/
			KIMBA M. WOOD
			United States District Judge